UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WENDY McKINNEY,

    Plaintiff,

vs.    CASE NO.: 8:15 cv2481 T 23 AEP

YOUNG'S, INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
### Injunctive Relief Sought

Plaintiff, Wendy McKinney, by and through the undersigned counsel, hereby sues defendant, Young's, Inc., and alleges as follows:

1. This Court has original jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a), and 17 U.S.C. §101 *et seq.*

2. The matter in controversy exceeds, exclusive of interest and costs, the sum of One Hundred Thousand Dollars ($100,000.00).

3. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b), 28 U.S.C. §1400(a), and Section 48.193, Florida Statutes in that plaintiff's claim arises in this district and division.

4. Defendant has committed the acts complained of herein in this district.

5. Plaintiff, Wendy McKinney, is a Florida resident and an artist who does business in Florida and within this Middle District.



1

6. Defendant, Young's, Inc., is a foreign corporation, with its principal place of business in Dundee, Michigan, and, at all times material to the issues presented herein, engaged in the illegal and infringing activities complained of hereinafter. Young's, Inc. is a retailer of giftware, home décor and fashion accessories that sells its products to a wide variety of specialty card stores, gift retailers, garden centers, gift stores, and home décor boutiques, as well as mass market chains and direct mail retailers throughout the United States including stores and individuals in Florida and in this district. Young's, Inc. also sells its products on Amazon, eBay, and other Internet sites as well as its own domain, *youngsinc.com*, which sites are accessed by individuals within this district.

7. Defendant, acting by and through its principals, officers, agents, employees and other active, conscious and dominant forces behind their activities has committed the acts complained of herein in interstate commerce.

8. Plaintiff is a successful and respected artist who specializes in designs incorporating beach and water themes influenced by her travels to Central and South America and her Florida lifestyle, using a unique infusion of vibrant colors with her unique, whimsical style.

9. Plaintiff is engaged primarily in the offering of high-quality artwork and kitchen, bath, and packaging accessories products that incorporate her art and that are sold to the public and through manufacturers who are licensed to use her artwork on products they manufacture and sell to the public and to retailers, who themselves sell these products to the public, both here in this district and in Florida.

10. Plaintiff's favorable public reputation and commercial success are both well known to the consuming public as well as to her competitors, including to Defendant.

11. Wendy McKinney created, registered and is the valid copyright owner of the following artworks registered in accordance with and in full compliance with Title 17, United States Code:

    a. The Island House Mirror Collection (Collection One), registered on February 20, 2012 (Registration No. VAU 1-096-317);

    b. The Island House Collection (paper towel holder, napkin holder, key holder) registered on February 20, 2012 (Registration No. VAU 1-096-319);

    c. The island House Pedestal Tables and Benches, registered on February 20, 2012 (Registration No. VAU 1-096-321);

    d. The Island House Table and Top, registered on February 20, 2012 (Registration No. VAU 1-096-324);

    e. The Island House Wall Shelf with Hooks Collection, registered on February 20, 2012 (Registration No. VAU 1-096-326);

    f. The Island House Collection 2, registered on November 18, 2012 (Registration No. VAU 1-115-022);

    g. The Island House Collection 3, registered on October 10, 2012 (Registration No. VAU 1-843-916).

The plaintiff's copyrighted Works referenced herein are referred to as the "Copyrighted Works."

12. Wendy McKinney complied in all respects with the Federal Copyright Act and secured the exclusive rights and privileges in and to the Copyrighted Works.

13. Plaintiff enjoys success and an excellent reputation in the art industry due in part to her use of, and rights in, copyright-protected works, including the Copyrighted Work.

14. On August 2, 2011, Wendy McKinney entered into a three year licensing agreement with Young's, Inc. to design, manufacture, distribute, and sell products featuring the Copyrighted Works.

15. Young's, Inc. received and was provided with the Copyrighted Works. Young's, Inc. used the Copyrighted Works to produce and sell giftware as contemplated by the licensing agreement, that featured the Copyrighted Works.

16. The parties' licensing agreement required Young's, Inc. to cease all marketing and manufacture of the Copyrighted Works as of August 2, 2014, although Young's, Inc. had a 180 day period, until January 29, 2015, to sell off any remaining inventory. During the 180 day sell off period, however, Young's, Inc. was prohibited from marketing any of its products that featured or incorporated the Copyrighted Works.

17. After August 2, 2014, Young's, Inc., continued to market, and may have continued to manufacture, giftware items using the Copyrighted Works, all of which would be in violation of law, an infringement of plaintiff's copyright, and conduct for which it had no authority or license. In addition, Young's, Inc. has continued to sell the Copyrighted Works after January 29, 2015, which sales are in violation of law, an

infringement of plaintiff's copyrights, and conduct for which it had no license or authority.

18. Young's, Inc., provided, either individually or though its agents, servants or employees, or caused others to provide, unauthorized copies of the Copyrighted Works for sale to the public and to suppliers who themselves sold to the public. Young's, Inc. also made its products incorporating the Copyrighted Works available for sale to the public and others, through its website, as well as eBay and Amazon, which were accessible to people in Florida and were, in fact, accessed by consumers in Florida and purchased on or after August 2, 2014.

19. The defendant used the unauthorized copies of the Copyrighted Work, falsely designating their origin as a source other than the plaintiff or falsely communicating in words or action that use of the artwork and designs were authorized when, in fact, they were not. These actions deceived the public as to the true origin and authorship of the Copyrighted Work and thereby confusing or likely confusing the public as to the association of the plaintiff with the defendant or the approval of the defendant to use the Copyrighted Works and its derivatives.

20. Defendant's copies, modifications or adaptations and the copies, modifications or adaptations by others at the defendant's request and with its knowledge and approval (hereinafter the "Infringing Works") are identical or substantially similar to the Copyrighted Work.

21. The defendant's acts are, and will be, without permission or authority of the plaintiff and without any legitimate license to copy, modify, adapt, or to market or

manufacturer products incorporating the Copyrighted Works after August 2, 2014, and to sell the Copyrighted Works themselves or through others after January 29, 2015.

22. By the acts complained of herein, defendant has misrepresented and falsely described to the general public the origin and source of the Infringing Works so as to deceive the public and deliberately create the likelihood of confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of defendant with plaintiff, or as to the origin, sponsorship, or approval of defendant's services.

23. Defendant's unlawful activity proximately results in irreparable harm and injury to plaintiff. Among other harms, it deprives plaintiff of her absolute right to determine the manner in which the Copyrighted Works is handled, in which she advertises and promotes her business to the general public; infringes the Copyrighted Work; deceives the public as to the origin and sponsorship of defendant's services; and wrongfully trades upon, and cashes in on, plaintiff's reputation and goodwill.

### COUNT ONE
### COPYRIGHT INFRINGEMENT
### 17 U.S.C. §101 *et seq*.

24. Plaintiff realleges Paragraphs 1 through 23.

25. Defendant's acts, as alleged herein constitute copyright infringement in violation of 17 U.S.C. §101 *et seq*.

26. Defendant's acts, as alleged herein, have caused irreparable injury and damage to plaintiff and, unless restrained, will continue to do so.

27. As a result, plaintiff has suffered damages with interest.

28. Plaintiff has no adequate complete remedy at law.

WHEREFORE, plaintiff, Wendy McKinney, demands judgment against defendant, including:

- a. a preliminary and permanent injunction enjoining and restraining defendant, its officers, directors, principals, agents, servants, employees, successors, and assigns, and all those in active concert or participation with them, from:

    - i. imitating, copying, adapting, modifying, making a derivative from, or making unauthorized use of the Copyrighted Work;

    - ii. producing, advertising, distributing, offering for sale, or selling the Infringing Works;

    - iii. publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear the Copyrighted Work; and

    - iv. utilizing plaintiff's artwork, designs or otherwise, in any promotional material or advertising.

- b. an Order that defendant deliver for destruction or impoundment all infringing materials of the Copyrighted Works described herein;

- c. an Order that defendant be required to deliver up and destroy all devices, literature, advertising, business forms, signs, and any other representations, regardless of form, which are in or come to be in defendant's respective possession, custody, or control and which bear the Copyrighted Works described herein;

- d. an Order that defendant be required to account for, and relinquish to plaintiff, all gains, profits, and advantages derived by defendant through its infringement of the plaintiff's rights;

- e. an Order that defendant be directed to file with this Court, and serve on plaintiff within thirty (30) days after the service of an injunction, a report, in writing under oath, setting forth in detail the manner and form in which defendant has complied with the injunction;

- f. an award to plaintiff of lost profits, present and future, and damages sustained by the plaintiff due to defendant's infringement of the Copyrighted Works described herein;

g. an award to plaintiff of any profits of the defendant that are attributable to the infringement at issue herein;

h. recovery by plaintiff of costs in this action, including reasonable attorneys' fees as and to the extent they may be permissible under 17 U.S.C. §§504 and 505; and

i. any such other and further relief as the Court may deem just and proper, including all damages and relief appropriate under 17 U.S.C. §§504 and 505.

## COUNT TWO
## FEDERAL FALSE DESIGNATION OF ORIGIN
## AND FALSE DESCRIPTION
## (15 U.S.C. §1125)

29. Plaintiff realleges Paragraphs 1 through 23.

30. Defendant's acts, as alleged herein, constitute a false designation of origin, and a false and misleading description of fact, or a false or misleading representation of fact, which is likely to cause confusion, mistake or deception in violation of 15 U.S.C. §1125.

31. Defendant's acts, as alleged herein, have caused irreparable injury and damage to plaintiff and, unless restrained, will continue to do so.

32. As a result, plaintiff has suffered damages with interest.

33. Plaintiff has no adequate complete remedy at law.

WHEREFORE, plaintiff, Wendy McKinney demands judgment against defendant, including:

a. a preliminary and permanent injunction enjoining and restraining defendants and its officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

    i.    from deceiving as to the affiliation, connection, or association of defendant with plaintiff or the Copyrighted Work, or as to the origin, sponsorship, or approval of defendant's goods, services, or commercial activities, or causing injury to business reputation;

    ii.    from directly or indirectly falsely designating or representing that the Infringing Works are authorized, approved, associated with, or originating from plaintiff;

    iii.    from utilizing plaintiff's Copyrighted Works in any promotional materials or advertising;

    iv.    from otherwise unfairly competing in any way with plaintiff;

    v.    to deliver up to plaintiff all design plans, literature, advertisements, signs, and any other representations, regardless of form, which are in or come to be in defendant's possession, custody, or control and which defendant use to sell, distribute, and/or copy the Copyrighted Work; and

    vi.    to immediately institute full compliance with any order entered by this Court and, within thirty (30) days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with.

b.    an accounting and payment of all profits gained by defendant while engaging in the acts complained of herein;

c.    all monetary damages suffered by plaintiff;

d.    an award of attorneys' fees and costs as permitted under law; and

e.    such other interlocutory and permanent relief as this Court may deem just and proper, including all damages and relief as appropriate under 15 U.S.C. §1117.

Plaintiff requests a jury trial on all issues so triable.

_____
Alan F. Wagner
FBN: 0374105
Trial Counsel for Plaintiff
WAGNER McLAUGHLIN
601 Bayshore Boulevard, Suite 910
Tampa, FL 33606
Telephone: (813) 225-4000
Facsimile: (813) 225-4010
E-mail: AlanWagner@WagnerLaw.com

10